# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:10CV-765-H

**JERRI LEIGH JACKSON**                                                                 **PLAINTIFF**

**v.**

**JEWISH HOSPITAL** *et al.*                                                         **DEFENDANTS**

## MEMORANDUM OPINION

Acting without the assistance of counsel, Plaintiff Jerri Leigh Jackson filed the above-styled action. She sues Jewish Hospital and the Louisville EEOC Area Office. She alleges that Defendant Jewish Hospital discriminated against her on the basis of her disabilities when she applied for employment with it. She also alleges that Defendant Louisville EEOC Area Office wrongly handled her administrative complaints about the discrimination.

Along with her complaint, Jackson also filed a motion to proceed *in forma pauperis*. That motion was previously granted by the Court in a separate Order. Under 28 U.S.C. § 1915(e), which governs *in forma pauperis* proceedings, the Court has a mandatory duty to screen Jackson's complaint before service on Defendants. *McGore v.Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review under § 1915(e), a district court must dismiss an action that it finds to be frivolous or malicious or that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, on initial review, the Court will dismiss Jackson's complaint for failure to state a claim and as frivolous.

### I. Standard of Review

A *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may

be granted relief.

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 is fairly liberal in its requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, -- U.S.--, 129 S. Ct. 1937, 1950 (2009). While Rule 8 does not require a plaintiff to include every minute detail that makes up her claim, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

"A plaintiff's obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1950 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* The first step requires the Court to identify allegations that "because they are no more than [legal] conclusions, are not entitled to the assumption of truth." The Court is then left with factual allegations. The Court must presume the factual allegations are true, but its inquiry does not end at this point. The Court must go one step further and determine whether the facts state a claim that is plausible. "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949.

"Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "The *in forma pauperis* statute, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' 'Examples of the latter class,' we said, 'are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 327-28)). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

## II. Jackson's complaint

Jackson handwrote her complaint on a court-supplied general complaint form. The complaint is neither easy to read nor to follow. Nevertheless, the Court has done its best to distill Jackson's intent. The best the Court can tell, it appears that Jackson worked for Jewish Hospital sometime in 1993 as a nurse assistant. According to Jackson, the other nurses were jealous of her because she was highly thought of by a "well-established" doctor. As a result, she claims that they conspired to have her illegally terminated. She states that at the time of her termination she was told to "stay away from the hospital and not to return to work without an explanation." It appears that at this time Jackson may have also been a nursing student at Spalding University. She states "shunned by Spalding's nursing faculty by Jewish Hospital Jackson never returned to nursing school . . . Jewish slandered Jackson ruining her medical career even before it got launched." Although not entirely clear, it appears that Jackson may

have reapplied for some position(s) at Jewish during 2009 and 2010, but was not hired. The best the Court can tell from Jackson's complaint, it is Jewish's failure to hire Jackson in 2009 or 2010 that serves as the basis for this lawsuit. Jackson states that she "sues Jewish to be educated the way Jackson wants to be educated . . . they will pay for a masters and PhD diploma with Jackson full expenses for 12 years at 1 billion dollars per year for education."

Jackson is also suing the Louisville Area EEOC Office. She claims that the Louisville Office did not properly investigate her charges of discrimination against Jewish. She believes that a conspiracy exists between Jewish Hospital and the Louisville EEOC Office.

Jackson attaches over a hundred pages of exhibits to her complaint. She wrote page numbers on the exhibits, but they are not cited in the body of the complaint nor organized in any logical way that the Court has been able to decipher.[1] Among other things, the exhibits include: numerous charges of discrimination Jackson has filed against other entities over the last several years; information on housing discrimination; copies of business cards; a myriad of Jackson's medical records some dating as far back as the early 1990s; copies of affidavits submitted as part of Jackson's divorce and child custody proceedings in 1990; a certificate of achievement from Continental Airlines; letters from friends and doctors pertaining to Jackson; and many others.

---

[1] The Court has done its best to wade through Jackson's exhibits in an attempt to better understand her complaint. The Court notes, however, that it is not required to analyze the exhibits in an effort to construct a claim for Jackson. *See Olayemi Dele Jinadu v. Fitzgerald, No*. 99-4259, 2000 U.S. App. LEXIS 23650, *3-4 (6th Cir. Sept. 15, 2000) ("The district court's duty to construe Jinadu's *pro se* pleadings liberally did not obligate it to analyze attachments to Jinadu's complaint in order to speculate about the claims Jinadu may be attempting to bring."); *Bey v. McGinnis*, No. 98-1930, 1999 U.S. App. LEXIS 23676, *4 (6th Cir. Sept. 23, 1999)("[The plaintiff] refers the court to an attachment consisting of a minimum of fifty pages. The district court's duty to construe Young Bey's *pro se* pleadings liberally did not obligate it to analyze attachments to Young Bey's complaint in order to speculate about the claims Young Bey may be attempting to bring.").

## III. Analysis

**A. Jewish Hospital**

Pursuant to 42 U.S.C. § 12112, a covered entity shall not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 42 U.S.C. § 12102.

**1. 1993 termination**

It is not clear to the Court whether Jackson is making a claim related to her 1993 termination or included facts about it merely for background information. To the extent Jackson is attempting to bring a disability discrimination claim related to the 1993 termination, the claim is time barred. 42 U.S.C. § 12117(a)

**2. 2009/2010 failure to hire**

To establish a prima facie case of discrimination under the Americans with Disabilities Act (ADA), "a plaintiff must show (1) that she is an individual with a disability; (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; (3) who suffered an adverse employment action; (4) the employer knew or had reasons to know of her disability; and (5) a non-disabled person was given the position." *Dance v. Goodyear Tire & Rubber Co.*, 527 F.3d 539, 553 (6th Cir. 2008) (citing *Maenad v. Elec. Data SYS. Corp.*, 90F.3d 1173, 1186 (6th Cir. 1996)).

Jackson's allegations of employment discrimination fail under *Iqbal*. She alleges that she is disabled; however, this is merely a legal conclusion that the Court is not required to accept as

true.  The body of Jackson's complaint is devoid of any factual assertions explaining how her disabilities limit her major life activities.  Additionally, while she alleges that Defendant Jewish Hospital failed to hire her because of her disability (or its perception thereof), she has not adequately identified the job she was applying for in her complaint, explained why she was qualified to perform it, nor alleged that Jewish Hospital ultimately hired a non-disabled person for the position.  At most, the facts alleged by Jackson, if accepted as true, establish that she was not hired in 2009 to 2010 based on past performance there that led to her termination.   She has wholly failed to allege any facts that establish that she was not given the position because of a disability.

Additionally, it is entirely implausible that personnel at Jewish were aware of the intricate details of Jackson's personal life that she alleges in her complaint, and the relief demanded in Jackson's prayer for relief (round trip bus or train tickets to the destinations of her choice, prepaid funeral and funeral planning services, billions of dollars, years of education, and many more) is patently absurd.  Accordingly, her claims against Defendant Jewish Hospital will also be dismissed as frivolous.

**B.**     **Louisville Area EEOC Office**

Jackson's allegations against the Louisville Area EEOC Office stem from her belief that it improperly handled her employment discrimination claims against Jewish Hospital.  "There is no private cause of action for the improper investigation or processing of a discrimination charge."  *Reed v. EEOC*, No. 96-1275, 1996 U.S. App. LEXIS 29032 (6th Cir. Oct. 30, 1996) (citing *Schaefer v. Rose State College*, 950 F.2d 661, 663 (10th Cir. 1991)); *Gilles v. United States Dep't of Health and Human Serve.*, 759 F.2d 565, 574 (6th Cir. 1985); *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984).  "When the EEOC fails to act, delays, or errs in its

processing of a complaint, the complainant's remedy, as provided by statute, is to bring a *de novo* lawsuit against his employer in the district court." *Verboom v. Dep't of Defense*, No. 93-3005, 1993 U.S. App. LEXIS 20221, *3-4 (6th Cir. Aug. 5, 1993) (citing *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 365-66 (1977)); *see, e.g., Rhoades v. Ohio Civil Rights Comm'n*, No. 1:07 CV 0802, 2007 U.S. Dist. LEXIS45523 (N.D. Ohio June 22, 2007) (holding that plaintiff could neither maintain a claim against the EEOC nor the Ohio Civil Rights Commission for any breach of its duty to investigate or adjudicate his discrimination charges). Conclusory allegations that administrative agencies conspired with private employers to thwart a discrimination complaint, like the ones in Jackson's complaint, also fail to set out a cognizable cause of action. *Milhous v. EEOC*, No. 97-5242, 1998 U.S. App. LEXIS 6042 (6th Cir. Mar. 24, 1998). Plaintiff has failed to state a claim on which relief may be granted against the Louisville Area EEOC Office. Accordingly, her claims against it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## IV. Conclusion

Consistent with this Memorandum Opinion, the Court will enter a separate Order dismissing Jackson's claims against Defendants pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim and as frivolous.

Date:

cc: Plaintiff, *pro se*
4412.008